UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING the motion to remand.

Before the Court is Plaintiff James Kim's ("Plaintiff") motion to remand. *See* Dkt. # 9 ("*Mot.*"). Defendant MAPFRE Insurance Company ("Defendant") opposes this motion. *See* Dkt. # 10 ("*Opp.*"). Plaintiff did not file a reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.  Background

On February 11, 2019, Plaintiff filed this case in Los Angeles Superior Court, asserting claims against Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. *See Complaint*, Dkt. # 1-4 ("*Compl.*"). Plaintiff, both in the complaint and in a pre-litigation interview with Defendant, stated that he is "an individual residing in Los Angeles County" with "a home located in Upland, California. *Id.* ¶ 1; *Transcript of Video Examination*, Dkt. # 9-1, ("*Video Tr.*"), 17:1–2. The complaint seeks damages of at least $250,000, plus interest, costs, and punitive damages. *Compl.* ¶¶ 15, 22.

On February 26, 2019, Defendant was served with the summons and complaint, and it filed an answer on March 26, 2019. *See Answer*, Dkt. # 1-4. Defendant searched various databases in a nationwide public records search for Plaintiff's domicile, and on May 1, 2019, ascertained that Plaintiff was a citizen of California based on property ownership and marital records. *Declaration of Tahereh Mahmoudian,* Dkt. # 1-2 ("*Mahmoudian Decl.*"), ¶ 5 & Ex. 1; *Opp.* 3:8–10.

On May 10, 2019, ten days after Defendant learned of Plaintiff's domicile, Defendant removed this action to federal court. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

Plaintiff now moves to remand, arguing that Defendant untimely removed the case. *See generally Mot.*

II.     Legal Standard

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case, the defendant must file a notice of removal in federal court. *Id.* § 1446(a). The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).

The thirty-day clock begins running when the defendant is served with the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. In other words, the "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock . . . to begin." *Id.* at 695. The defendant has no duty to investigate beyond the four corners of the initial pleading, even if information contained within it provides a "clue" as to removability. *See id.* at 696–97. If the case as stated by the initial complaint is not removable on its face, the thirty-day clock does not begin to run until the defendant receives "an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 697 ("Once defendant is on notice of removability, the thirty-day period begins to run.").

III.    Discussion

In removing this case, Defendant invoked the Court's diversity jurisdiction, which applies when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *NOR* ¶¶ 10, 15. There is no dispute that these requirements are met in this case. An individual party is a citizen of the state in which he is domiciled—that is, the state where he "resides with the intention to remain" or where he "intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff lives in California and does not intend to move, he is domiciled in the state. *Mot.* 7:15–16. A corporation is a citizen of its state(s) of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Defendant is incorporated in New Jersey and its principal place of business is in Massachusetts, making Defendant a citizen of both New

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

Jersey and Massachusetts. *See NOR* ¶ 15. The parties are therefore completely diverse, and, as explained above, they agree that more than $75,000 is in controversy. *Id.*

Plaintiff's motion to remand only presents the issue of whether Defendant's removal was untimely. *See Mot.* Defendant removed the case within thirty days of conducting a nationwide public records search and determining that Plaintiff had no domiciliary connection to Massachusetts or New Jersey. *Opp.* 6:15–19; *Mahmoudian Decl.* ¶ 5. The question is whether Defendant was on notice of removability before conducting its search. The Court believes that it was not.

In the complaint and in Defendant's pre-litigation examination of Plaintiff, Plaintiff said only that he was a "resident" of California. *See Compl.* ¶ 1; *Video Tr.*, 17:1–2. But residence is not the same as citizenship. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. Accordingly, an allegation that an individual is a resident of a state is not enough to show that he is a citizen of that state. *See id.* at 857–58. And because the thirty-day removal clock does not start running until the defendant receives a pleading or other paper that affirmatively reveals that the case is removable, with no need for further investigation, *see Harris*, 425 F.3d at 695–97, this Court has previously held that information in a pleading or other paper about residence alone is not enough to start the clock. *See Crisp-Stoot v. Wal-Mart Stores, Inc.*, No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *4 (C.D. Cal. Mar. 22, 2019); *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130, at *2–3 (C.D. Cal. Nov. 5, 2015); *see also Brinkley v. Monterey Fin. Servs. Inc.*, No. 16cv1103-WQH-WVG, 2016 WL 4886934, at *3 (S.D. Cal. Sept. 15, 2016) (reaching the same conclusion).

The Court recognizes that some district courts in this Circuit have held differently, finding that an allegation that the plaintiff is a resident of a certain state is sufficient to provide the defendant with notice of his citizenship. *See Ervin v. Ballard Marine Const., Inc.*, No. 16-cv-2931-WHO, 2016 WL 4239710, at *2–4 (N.D. Cal. Aug. 11, 2016); *Aledavood v. First Nat'l Ins. Co. of Am.*, No. CV 13-1760 MWF (PJWx), 2013 WL 12133648, at *1–2 (C.D. Cal. May 13, 2013); *cf. Rodriguez v. Swissport USA, Inc.*, No. CV 15-3951 GW (PLAx), 2015 WL 4977187, at *3 (C.D. Cal. Aug. 20, 2015) (holding that allegations that the plaintiff was a resident of California and worked there for three years were enough to put the defendant on notice that she was a citizen of California). Many of these decisions relied on out-of-circuit cases holding that a person's residence is prima facie evidence of his citizenship and is therefore sufficient to put the defendant on notice of citizenship, absent evidence to the contrary. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There is some logic to this position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

Undoubtedly, the vast majority of plaintiffs who allege in a state court complaint that they are residents of a state are also domiciled in that state and are therefore citizens of it. But the Court believes that this approach is foreclosed by the Ninth Circuit's precedential decision in *Harris*.

In finding that the thirty-day removal clock does not start running until a pleading or other paper "affirmatively reveals" that a case is removable, the Ninth Circuit recognized that many state court complaints would not provide the requisite notice. *Harris*, 425 F.3d at 693 ("[I]t is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity. The citizenship of the parties . . . normally will not be set forth in a complaint filed in a state court so that pleading therefore will not reveal the existence of diversity of citizenship jurisdiction."). That is because "diversity of citizenship is a federal, not a state, concern." *Id.* The court nonetheless adopted the "bright-line approach" of requiring the ground for removal to be "revealed affirmatively" in a pleading or other paper for the thirty-day clock to start. *Id.* at 696–97.

To be sure, *Harris* involved a complaint that alleged that a party had been a resident of a state more than thirty years before the complaint was filed. *See id.* at 691. An allegation of a person's residence at a time in the distant past is obviously much less probative of his current citizenship than an allegation of his *current* residence. At least one court has distinguished *Harris* on this ground. *See Ervin*, 2016 WL 4239710, at *3. But the Court does not read *Harris* to say only that allegations of past residence are insufficient to show current citizenship. Instead, the Ninth Circuit spoke much more broadly, strongly suggesting that the thirty-day clock does not start if there is *any* indeterminacy in the complaint as to whether a case is removable. *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[D]efendants need not make extrapolations or engage in guesswork.")

At multiple points in the *Harris* opinion, the court implied that only allegations of information sufficient to establish *citizenship* could start the clock. *See Harris*, 425 F.3d at 693 ("Harris' state court complaint did not allege Brown's current *citizenship*, only his past residence."); *id.* at 695 ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his *citizenship*, and certainly not his *citizenship* as of the filing of the complaint.") (emphasis added); *see also id.* at 693 (stating that "it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity" because "diversity of citizenship is a federal, not a state, concern").[1] Further, the Ninth Circuit explained

---

[1] Because diversity of citizenship is a federal, not a state concern, the Court finds Defendant's argument that it did not know its own citizenship unpersuasive. *See Opp.* 7:8–24. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

its bright-line rule as designed to avoid encouraging defendants to remove prematurely lest they later be found to have been on sufficient notice of removability at an earlier time. *See id.*, 425 F.3d at 697. But requiring defendants to remove as soon as a plaintiff's residence is alleged—before they have an opportunity to investigate further to determine the plaintiff's *domicile*—could lead to the premature removals that the court in *Harris* sought to avoid. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Such a rule would not allow defendants to do what Defendant did in this case: conduct a diligent investigation to confirm that Plaintiff is a *citizen* of California before disrupting Plaintiff's choice of forum and removing the case to federal court.

For these reasons, the Court believes that the Ninth Circuit's decisions in *Harris* and *Kanter* compel the conclusion that a defendant is not put on notice of a plaintiff's citizenship such that the thirty-clock for removal begins to run until he receives a "pleading, motion, order or other paper" that "affirmatively reveals on its face" the facts necessary to show citizenship—namely that a state "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Harris*, 425 F.3d at 691; *Kanter*, 265 F.3d at 857; *see also Ruano*, 2015 WL 6758130, at *2–3. Because both Plaintiff's complaint and his pre-litigation videotaped statement stated only that he was a resident of California and revealed nothing about his intent to remain there, the Court concludes that they did not affirmatively reveal facts about her citizenship sufficient to start the thirty-day removal clock. *See Compl* ¶ 1; *Video Tr.*, 17:1–2. It was not until Defendant conducted its public records search that Defendant was on notice of removability. *See Opp.* 6:15–19; *Mahmoudian Decl.* ¶ 5. Because Defendant removed the case within thirty days of confirming Plaintiff's citizenship, the removal was timely. Accordingly, the Court **DENIES** Plaintiff's motion to remand.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

---

California state courts classify foreign insurers who meet certain requirements as California citizens, *see* Cal. Ins. Code § 1215.14, California's party citizenship standards have no bearing on party citizenship in federal court. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State *by which it has been incorporated and of the State where it has its principal place of business.*' 28 U.S.C. § 1332(c)(1) (emphasis added)."). Therefore, Defendant did not have to determine whether it was a California insurer before removing the case, as it claims it did. *See Opp.* 7:8–24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-04090 PSG (ASx) | Date | August 21, 2019 |
|---|---|---|---|
| Title | James Kim v. MAPFRE Insurance Company | | |

**IT IS SO ORDERED**.